# EXHIBIT A

## **ORIGINAL CIVIL CITATION**

### THE STATE OF TEXAS

TO: METROPOLITAN LIFE INSURANCE
REGISTERED AGENT CT CORPORATION
350 N ST PAUL ST
DALLAS TX 75201
SRV:

DEFENDANT, GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S PETITION BEFORE THE JUSTICE COURT, PRECINCT EIGHT AT 3500 MILLER AVE FORT WORTH TEXAS. 76119, SAID PLAINTIFF BEING

LINCOLN FACTORING LLC                                              PLAINTIFF

AND SAID:

METROPOLITAN LIFE INSURANCE                                  DEFENDANT

FILED NOVEMBER 09, 2017, FILE NO. JP08-17-SC00009268 SUED UPON: SEE PETITION ATTACHED, PLUS COURT COSTS.

PLAINTIFF RESERVES THE RIGHT TO PLEAD FURTHER ORALLY AT TIME OF TRIAL
*******************************************************************************

### NOTICE TO DEFENDANT

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING AGAINST THIS LAWSUIT. BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY. YOU OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT. YOUR ANSWER IS DUE BY THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED THESE PAPERS. IF THE 14TH DAY IS A SATURDAY, SUNDAY, COUNTY HOLIDAY, OR ON A DAY THAT THE COURT CLOSES BEFORE 5:00 P.M. YOUR ANSWER IS DUE ON THE NEXT BUSINESS DAY. DO NOT IGNORE THESE PAPERS. IF YOU DO NOT FILE AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. FOR FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION." UPON TIMELY REQUEST, NO LATER THAN 14 DAYS BEFORE THE DAY SET FOR TRIAL, AND PAYMENT OF A $22.00 JURY FEE, THIS CASE WILL BE HEARD BY A JURY."
*******************************************************************************

THE OFFICER EXECUTING THIS WRIT SHALL PROMPTLY SERVE THE SAME ACCORDING TO REQUIREMENTS OF LAW, AND THE MANDATES HEREOF, AND MAKE DUE RETURN AS THE LAW DIRECTS.

GIVEN UNDER MY HAND THIS 22ND DAY OF NOVEMBER, 2017.

LISA R WOODARD
JUSTICE OF THE PEACE, PRECINCT EIGHT
TARRANT COUNTY, TEXAS

BY: _____KJ_____
CLERK OF THE JUSTICE COURT

12/04/2017

COURT COPY

Cause No. SC9268

| | |
|---|---|
| Lincoln Factoring ) | Justice of the Peace |
| ) | |
| V. ) | Precinct No. 8 |
| ) | |
| Metropolitan Life Insurance Company ) | |
| ) | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LINCOLN, Plaintiff herein, and files this Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. Discovery Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure Rule 190.2.

### II. Parties

2. Plaintiff Lincoln Factoring ("Lincoln") is a corporation with offices in Tarrant County, Texas.

3. Defendant Metropolitan Life Insurance Company ("INSURER" or "Met Life") is a duly formed and existing insurance company licensed to do business in the State of Texas, and upon information and belief is authorized to conduct business throughout the State of Texas as a life insurer. Defendant may be served with service of process by serving its registered agent C T Corporation at 350 N. St. Paul St, Dallas, TX 75201.

PLAINTIFF'S ORIGINAL PETITION – PAGE 1

12/04/2017

2017 NOV -8 PM 1:29
JUSTICE OF THE PEACE
TARRANT COUNTY TEXAS
FILED

### III. Factual Background

4. Defendant INSURER issued a FEGLI life insurance policy number 20170501434 (the "Policy") providing life insurance benefits to the Decedent, Theodore Kirk ("Decedent"). Decedent was a participant under the Policy and was provided life insurance in an amount of at least $5,876.00.

5. Plaintiff is informed and believes, and on that basis alleges, that Decedent died on April 24, 2017. The family contacted Forest Lawn Memorial Park to provide funeral services for the Decedent. To pay for those services Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk irrevocably assigned $5,876.00 of the Policy proceeds to Forest Lawn Memorial Park, which in turn reassigned its interest to LINCOLN.

6. Before accepting the assignment of the Policy proceeds and paying for the Decedent's funeral expenses, Plaintiff contacted Defendant INSURER to verify the legitimacy of the assignment of Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk. On May 2, 2017, Defendant INSURER represented to Plaintiff that Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk were entitled to the proceeds of the Policy.

7. Relying upon the representations and promises of Defendant, Plaintiff paid Forest Lawn Memorial Park for funeral services for the Decedent.

8. On 5/04/2017, Plaintiff faxed in the irrevocable reassignment and mailed the irrevocable reassignment to INSURER.

9. Plaintiff's records show that both the fax went through and the irrevocable reassignment was delivered.

10.  To date, Plaintiff has not received the balance due payment of $6,474.00 for the funeral services provided for the Decedent. Plaintiff has attempted to reach a payment agreement on numerous occasions with Defendants, but to no avail.

### IV. Causes of Action

*Breach of Contract by Defendant*

11.  The insured died on April 24, 2017. On this date, the insurance company's Policy became a contract between the INSURER and Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk, the beneficiary due to their status as beneficiaries. Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk, irrevocably assigned a portion of the contract of insurance to the Plaintiff on in the amount of $5,876.00. On this date, the insurance Policy became a contract between the INSURER and the assignee because the assignee steps into the shoes of the beneficiary. Because the contract of insurance became a contract between insurance company and the assignee, the Plaintiff had the right to enforce any provision of the Policy and the right to receive accurate information concerning the Policy just as the insured or beneficiary had the right to enforce any Policy provisions of the Policy. Plaintiff attempted to enforce its right to receive payment of the Policy proceeds after receiving. At this point the INSURER is in breach of contract with Plaintiff because if INSURER would have denied this right to the insured or beneficiary this act would have been a clear breach of the Policy. As a proximate cause of this breach, plaintiff is damaged in the amount of $5,876.00.

FILED 2017 NOV -8 PM 1:29 JUSTICE OF THE PEACE TARRANT COUNTY TEXAS

*Negligence*

12. Defendant owed a legal duty to Lincoln when Met Life advised Lincoln that Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk were the beneficiaries and did not disclose to Lincoln prior to payment to the funeral home that someone other than the Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk was the beneficiary. A duty arises when one makes a partial disclosure and conveys a false impression. Hoggett v. Brown, 971 S.W.2d 472, 487 (Tex. App. 1997). That occurred when Lincoln inquired on the amount that Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk could use to apply for Theodore Kirk Jr.'s funeral' funeral costs and in response, Met Life stated that Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk on could direct $5,876.00 of the policy proceeds to be used for Theodore Kirk Jr.'s funeral costs. The breach of this duty occurred when Met Life later advised Lincoln that the information disclosed was inaccurate and someone other than Donyay Ware-Kirk, Melanie Minion, Megan Kirk, Lashie Kirk, Angela Hicks and Jasmine Ware-Kirk was the beneficiary. Damages proximately caused by the breach in the amount of $5,876.00.

## V. Damages

13. As a direct and proximate result of the aforementioned acts and or omissions of Defendant, payment for the funeral services provided by Plaintiff upon the death of Theodore Kirk has been improperly withheld from Plaintiff. Plaintiff is accordingly entitled to recover the sum of $5,876.00 directly from defendant INSURER.

14. Plaintiff is also entitled to pre-judgment and post-judgment interest at the maximum rates allowed by law.

### Prayer

WHEREFORE, PREMISES CONSIDERED, LINCOLN prays that upon trial hereof, judgment be entered that Plaintiff have judgment against Defendant for the sum of $5,876.00, reasonable costs, together with pre-judgment and post-judgment interest as allowed by law, its attorney fees and for such other and further relief, both special and general, in law or in equity, to which Plaintiff may show itself to be justly entitled.

Date: 11/01/2017

Respectfully submitted,

Michael Engfer
State Bar No. 24085296
6145 Wedgwood Dr
Fort Worth, TX 76133
Phone: (817) 850-9800
Facsimile: (817) 916-5106
Attorney for Plaintiff

FILED
2017 NOV -8 PM 1:29
JUSTICE OF THE PEACE
TARRANT COUNTY TEXAS

PLAINTIFF'S ORIGINAL PETITION - PAGE 5

SHERIFF'S OR CONSTABLE'S RETURN

CAME TO HAND ON THE _____ DAY OF _____ A.D. _____, AT _____,
O'CLOCK, ___ M. AND EXECUTED ON THE _____ DAY OF _____, _____, AT
_____ O'CLOCK, ___ M. BY DELIVERING TO _____
_____
_____
DEFENDANT, OR DEFENDANTS, IN PERSON A TRUE COPY OF THIS CITATION _____
_____

NOT SERVED AS TO THE FOLLOWING NAMED DEFENDANT FOR THE REASONS SET OPPOSITE NAME.
_____
_____

FEES-SERVING..... $ _____     _____
                                                 *SHERIFF / CONSTABLE,
     COP.  ..... $ _____       PRECINCT NO. _____

     TOTAL.....$ _____         _____ COUNTY, TEXAS

* STRIKE IF NOT APPLICABLE                       BY DEPUTY _____

*****************************************************************************

### ORIGINAL CIVIL CITATION

IN THE JUSTICE COURT                             ISSUED NOVEMBER 22, 2017

LISA R WOODARD
JUSTICE OF THE PEACE, PRECINCT EIGHT             817-531-5625
3500 MILLER AVE                              FAX 817-531-5666
FORT WORTH TEXAS 76119

CASE NO. JP08-17-SC00009268

PLAINTIFF(S):
    LINCOLN FACTORING LLC           NO KNOWN ADDRESS
ATTORNEY(S) FOR PLAINTIFF(S):
    MICHAEL GARY ENGFER             6145 WEDGWOOD DR             817-850-9800
                                    FORT WORTH TX 76133

                                    VS.                NO SHORTS IN COURTROOM
                                                       NO CELL PHONES IN COURTROOM
DEFENDANT(S):
    METROPOLITAN LIFE INSURANCE     REGISTERED AGENT CT CORPORATION
                                    350 N ST PAUL ST
                                    DALLAS, TX 75201

ATTORNEY(S) FOR DEFENDANT(S):

*****************************************************************************
ATTORNEY SERVER                     JP08-17-SC00009268

COURT COPY